Miranda De Hostos, Juez Ponente
*1024 TEXTO COMPLETO DE LA SENTENCIA
El apelante Jorge Saldaña Acha solicita se revoque una sentencia del Tribunal de Primera Instancia, Sala de Carolina, que determinó que la menor apelada, Patricia, representada por su madre, Myma Yincenti Damiani, era su hija, le ordenaba una pensión alimentaria provisional de $1,500.00 mensuales y refirió el asunto ante la oficial examinadora para determinar la cuantía de alimentos prospectivos.
Inconforme, acude ante nos señalando que el tribunal de instancia erró: primero, al dictar sentencia fundamentándose en la Ley Especial de Sustento de Menores siendo ésta inaplicable; y segundo, cuando ordenó una pensión alimentaria provisional basada en la misma disposición.
Atendido el recurso y la oposición presentada, se revoca la sentencia apelada, por los siguientes fundamentos.
I
Los hechos que dan lugar al presente recurso, sin pasar juicio sobre los mismos, se relatan a continuación.
En junio de 1996 la señora Vincenti, en representación de la menor apelada, instó una demanda reclamando la paternidad del apelante y la fijación de una pensión alimentaria. El tribunal de instancia nombró a la Procuradora Especial de Relaciones de Familia (Procuradora) como defensora judicial de la menor apelada.
De esta determinación y de la negativa del tribunal de instancia de desestimar el pleito según el apelante lo había solicitado, se acude al Tribunal de Circuito de Apelaciones y luego al Tribunal Supremo, donde ambos recursos fueron denegados.
La Procuradora solicitó del foro apelado que ordenara al apelante que se realizara unas pruebas de D.N.A. Se fijó la fecha de dicho examen para el 27 de enero de 1998, imponiéndose a la madre de la apelada el pago de las mismas. El apelante solicitó que se suspendiera la realización de dichas pruebas hasta tanto el Tribunal Supremo resolviera una solicitud de reconsideración que había presentado. El foro de instancia acogió favorablemente dicha solicitud y suspendió los exámenes, sujeto a que luego que el Tribunal Supremo resolviera la reconsideración, se expresara por escrito en cuanto a la orden de pruebas genéticas.
El Tribunal Supremo denegó la reconsideración solicitada y el apelante solicitó prórroga para expresarse en tomo a los exámenes genéticos ordenados. En mayo de 1998, el foro apelado señaló el 30 de junio de 1998, como nueva fecha para que el apelante se hiciera las pruebas de D.N.A. De esta nueva orden, el apelante otra vez acudió en certiorari y moción en auxilio de jurisdicción ante el Tribunal de Circuito de Apelaciones y nuevamente denegamos su petición.
El 25 de junio el apelante presentó una moción ante el tribunal apelado, solicitando que paralizaran los procedimientos y que detuvieran nuevamente la realización de las pruebas genéticas porque se proponía acudir nuevamente al Tribunal Supremo. Dicho foro no paralizó el proceso y continuó vigente la fecha del 30 de junio de 1998 para que el apelante se realizara las pruebas. El apelante no *1025 compareció a realizarse las referidas pruebas según lo ordenado.
Finalmente, el Tribunal Supremo denegó al apelante su petición y la reconsideración que radicó posteriormente. El 21 de agosto de 1998, el tribunal apelado, ante la incomparecencia del apelante a realizarse las pruebas genéticas, dictó sentencia mediante la cual le adjudicaba la paternidad de la menor apelada sin la celebración de vista y conforme al expediente ante su consideración. De esta determinación el apelante acude ante nos.
II
Analicemos el derecho aplicable a los hechos presentados.
Como primer error el apelante plantea que incidió el tribunal de instancia al aplicar a los hechos del presente caso el Artículo 11 de la Ley Especial de Sustento de Menores.
Tiene razón.
Como marco de referencia debemos señalar que el Código Civil establece en su Artículo 14, que las leyes cuando son claras, no deben ser menospreciadas con el pretexto de cumplir su espíritu. 31 L.P.R.A. sec. 14. Blas Toledo v. Hosp. Ntra. Sra. De Guadalupe, opinión de 30 de junio de 1998, 98 J.T.S. 101, pág. 1431. (Casos citados.)
El Artículo 11 de la Ley de Sustento de Menores establece un procedimiento administrativo expedito, que se origina en la agencia administrativa para la determinación de filiación, establecimiento o modificación de una orden de pensión alimentaria. Mediante ese procedimiento que se tramita administrativamente, se establece una presunción incontrovertible de paternidad en aquellos casos en que un padre putativo se niegue a someterse a exámenes genéticos ordenados por el Administrador o el Juez Administrativo. 8 L.P.R.A. sec. 510.
La Regla 82 (C) de Evidencia permite que un tribunal ordene a la madre, hijo o hija y a un alegado padre biológico, a someterse a exámenes genéticos en acciones en las que la paternidad sea un hecho pertinente. Si un padre putativo se negara a someterse a dichos exámenes, se presumirá controvertiblemente su paternidad. Esto quiere decir que aun cuando se presume la paternidad, no se le puede privar de su derecho a presentar prueba para controvertirla. 32 L.P.R.A. Ap. IV, R. 82 (Supl. 1998).
La Ley Núm. 121 del 21 de julio de 1988 añadió el comentado inciso C de las Reglas de Evidencia y posteriormente fue enmendado por la Ley Núm. 79 del 30 de agosto de 1991, la cual expresa en su Exposición de Motivos que el propósito de la ley es disminuir la dilación en los procesos para establecer paternidad. Sin embargo, aclara que su intención no es menoscabar la facultad judicial para salvaguardar las garantías procesales en cuanto a la custodia de las pruebas y en cuanto a cualquier otra salvaguarda con relación al proceso en general. Leyes de Puerto Rico, 1991, Parte I, págs. 434-435.
Nuestro más alto foro se ha expresado que el principio fundamental del debido proceso de ley consagra que toda persona debe ser notificada adecuadamente del proceso; debe tener oportunidad de ser oída; derecho a contrainterrogar testigos y examinar evidencia en su contra; a estar asistido de abogado y que la decisión se emita por un juez imparcial y a base del récord. Rivera Rodríguez v. Stowell Taylor, opinión de 30 de junio de 1993, 93 J.T.S. 111, pág. 10931. (Casos citados.)
III
A la luz del derecho discutido analicemos los hechos del presente caso.
El Artículo 11 de la Ley de Sustento de Menores es claramente inaplicable al caso de autos, pues está limitada a los procedimientos administrativos y no alcanza los procesos ante el foro judicial. El pleito ante nos se originó con una demanda en el tribunal de instancia y las disposiciones aplicables no eran las del procedimiento administrativo expedito que establece la Ley de Sustento de Menores, sino la Regla 82(C) de Evidencia.
*1026 Por otro lado, aunque el derecho probatorio permita la realización de pruebas genéticas para determinar paternidad, las órdenes que un tribunal dicte a esos efectos no pueden estar desprovistas de salvaguardas a un debido proceso de ley. La regla 82(C), si bien establece una presunción de paternidad en los casos en que el alegado padre se niegue a someterse a los exámenes genéticos, esta presunción es controvertible, lo cual admite prueba en contrario.
En el presente caso no se le permitió al apelante presentar prueba sobre su alegación de que no es el padre de la menor, ni se le permitió ejercer el derecho a la confrontación, fundamental para que se entienda que se le garantizó el debido proceso de ley.
Ante tales circunstancias y aun concluyendo que aplicaban las disposiciones de las Reglas de Evidencia, el primer error se cometió.
IV
Como segundo error se plantea que incidió el tribunal de instancia al ordenar una pensión alimentaria provisional de $1,500.00 mensuales.
Sobre este aspecto y aun si aplicáramos la Sec. V, Art. 17 de la Ley de Sustento de Menores, que dispone que se puede fijar una pensión provisional si existe evidencia clara y convincente sobre paternidad, el error fue cometido. 8 L.P.R.A. sec. 516 (Supl. 1998).
No surge del expediente ante nos o que así lo resolviera el tribunal apelado, que en la etapa procesal que se encontraba el caso existiera evidencia clara y convincente de paternidad, por lo cual no procedía fijar una pensión provisional. Nada impide que una vez se cumpla la norma jurídica antes expuesta, se fije una pensión provisional sí así procede en derecho.
Concluimos que el segundo error también fue cometido.
V
Por los anteriores fundamentos, se revoca la sentencia apelada y se devuelve el caso al Tribunal de Primera Instancia para ulteriores procedimientos conforme a derecho.
Lo acordó el tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General